IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY LAMAR HAYNES | : | CIVIL ACTION |
| v. | : : : | |
| COMMONWEALTH COURT OF PENNSYLVANIA, ET AL. | : : | NO. 11-3611 |

# O R D E R

**AND NOW**, this 30th day of November 2011, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 5), and after review of the Report and Recommendation of United States Magistrate Judge M. Faith Angell and Petitioner's Objections thereto (Docket No. 16), **IT IS HEREBY ORDERED** as follows:

1. The Petitioner's Objections are **OVERRULED**.[1]

---

[1] The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be dismissed because it is a second and successive petition and Petitioner has not obtained authorization to file the Petition from the United States Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(b)(3)(A). Petitioner's Objections do not specifically dispute any conclusion or finding of the Magistrate Judge. Rather, Petitioner argues for the first time that his confinement in the state system violates the 8th and 14th Amendments to the United States Constitution. He also states, citing solely to Pennsylvania statutes, that a "petition misfiled in the wrong judicial district . . . may be transferred to the proper judicial district," and that a petition should not be "dismissed because of a defect."

We cannot address Petitioner's constitutional arguments for two reasons. First, these arguments were not before the Magistrate Judge, and Petitioner cannot raise them for the first time in the Objections to the Magistrate Judge's Report and Recommendation. See Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988); McClure v. Wilson, Civ. A. No. 02-1206, 2003 WL 23194654, at *2 (E.D. Pa. Feb. 4, 2003). Second, we cannot address *any* arguments on the merits in a second and successive petition unless Petitioner has received authorization from the Third Circuit to file the petition, as the Magistrate Judge correctly explained. See 28 U.S.C. § 2244(b)(3)(A).

Construing Petitioner's Objections liberally, we understand his citations to Pennsylvania law regarding transfer to be an objection to the Magistrate Judge's recommendation that we dismiss the petition, rather than transfer it. When a petitioner has filed a second or successive petition without authorization from the court of appeals, our only options are to dismiss the petition or transfer it to the Third Circuit. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) (citing 28 U.S.C. § 1631).

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

4. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrate that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

5. The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

/s/ John R. Padova  
John R. Padova, J.

---

See 28 U.S.C. § 1631. We cannot transfer it to another district court or a state court. Transfer to the Third Circuit would only be appropriate if Petitioner presented arguments based on "newly discovered evidence" or a "new rule of constitutional law," as these are the only grounds for authorizing a second or successive petition. See 28 U.S.C. § 2244(b)(2). Petitioner has not presented arguments in his Petition or Objections that fit into either category. We thus decline to transfer the Petition. Accordingly, we adopt the Magistrate Judge's Report and Recommendation and overrule Petitioner's Objections.